BAKER v. HUSSEY.

1. FINDING OF FACT that there was a contract for sale of land which was performed by defendant, affirmed.

2. STATUTE OF FRAUDS—REAL PROPERTY.—A PAROL AGREEMENT to sell lands for so much to be paid to vendor, and payment by vendee of certain mortgages on the lands, vendee being put in possession and having paid all required by the agreement, is not contrary to the statute of frauds

Before BUCHANAN, J., Sumter, July, 1901.    Affirmed.

Action by Joseph F. Baker against Buford A. Hussey and Harry Ryttenberg. The following is the contract which the Court sets up—extracted from testimony of B. A. Hussey:

"Q. Then did he tell you anything about any trouble he got into?    A. No, sir; after he got better he quit staying at my house, and he said he wanted to go where he would be nearer his work in Sumter.    First thing I knew, he came to my house between midnight and day and knocked at the back door; my wife said, 'that is Joe now.'    I said, I wonder what he has been doing again; I had not heard of the scrape. I said, open the door, Abbe.    He said, don't strike any light. Then he commenced talking, and I went out into the big room, too.    I did not lie down any more.    He said, 'I thought you were one of my worst enemies, but you are my best friend, and I have come to sell you that land.'    I said, Joe, I am not able to buy it now, I do not want it.    He said he was obliged to sell it; he said he was in a bad condition; he said he could not meet a man and ask for work in the fix he was in; he said he had been to the North Carolina line, but could not ask for work in the fix he was in; he said, 'if you will help me a little, give me some clothes and a little money to take up the mortgages, I will sell you the land,' and did sell it to me.    (Objected to upon the ground that there must be some note or memorandum in writing to prove the contract of the sale of the land.)

"Q. He did sell it?    A. Yes; I paid him $25, besides

paying all the expenses. (Objected to upon the same ground as above stated.) I paid him the $25 in money and clothes.

"Q. Did he give you any orders, and what were they? A. He gave me an order to you, if I would pay your mortgage off, and an order for a deed to John T. Green to make titles to that land. (Objected to upon the same ground.)

"Q. What did you do with the orders? A. I gave Mr. Green his; I gave him the order, and he gave me a deed and the titles to the land and the mortgages and everything else; this order read to turn over all the papers to me. (Objected to by plaintiff's attorney upon the ground that the order itself is the best evidence and must be produced.) He turned over to me Ex. C, D and I and H."

The Circuit decree is:

"This action came on to be tried before me on the testimony taken before the master, the pleading in the cause and the arguments of counsel, at the June term of said Court for said county. The action was commenced on the 7th day of November, 1900, by the plaintiff. His object being to have certain deeds executed by J. T. Green, Esq., to the said B. A. Hussey, and by the said B. A. Hussey to his codefendant, Harry Ryttenberg, declared to be mortgages; and for an accounting of the rents and profits alleged to have been received by the said defendant; for $400 damages to the premises alleged to have been caused by digging holes in the land and in lands adjacent; for the possession of said premises, and to be allowed to redeem the mortgaged premises by applying the rents and profits to the mortgage debts, and to be allowed to pay any balance that might be found due in case the rents were not sufficient for that purpose. For this purpose the plaintiff relies upon an alleged parol agreement between himself and the defendant, B. A. Hussey, to that effect, and upon certain recitations contained in the deed, whereby the said J. T. Green conveyed the said premises to the defendant, Hussey, which deed it is contended only op-

erated as a mortgage in favor of said defendant and his grantee, Harry Ryttenberg. The defendant, Hussey, by his answer and testimony, contends that he purchased the property absolutely by a completed bargain and sale, which. was duly carried out in particular by the execution and delivery of the deed aforesaid, and the delivery to him of the possession of the premises; and the said defendant further relied upon the statute of limitations; and the defendant, Harry Ryttenberg, by his answer and evidence, claims to be a *bona fide* purchaser for full value and without notice of any of the alleged equities set up by the plaintiff; and the said Harry Ryttenberg relies upon the statute of limitations; and he further demands that in the event of the plaintiff's recovery, that he is entitled to be protected under the betterment law to the extent of the improvements made by him upon the premises—he believing at the time of his purchase and at the time of making said improvements that his title thereto was good in fee. Obviously, the main and controlling issue in the case is, whether the evidence is sufficient to establish the parol agreement relied upon by the plaintiff, or are the terms and recitations of the deed aforesaid sufficient to constitute the grantee therein a mortgagee? If the plaintiff's contention is not sustained, it will. not be necessary to consider the defense interposed by the defendant, Ryttenberg; for unless the evidence is sufficient to establish the claims of the plaintiff, the rights of the defendant, Ryttenberg, remain unaffected. The plaintiff's testimony is meager and doesn't give the exact terms of the agreement under which the land was to be restored to him. In detailing the circumstances under which the premises were turned over to the defendant, Hussey, the plaintiff testified (see page 7 of the testimony), referring to what the defendant, Hussey, said to him at the time of the transaction. 'He said if I (the plaintiff) would give him a note to Mr. Moise to turn his note and mortgage over to him, and to Green to turn his titles over, then he would go and take up the mortgages; he said that I could leave the county, and when I came back I could

get the place by paying his money.' It will be observed that neither here nor elsewhere in the plaintiff's testimony is there any obligation on the part of the plaintiff to repay the money, nor does the testimony show that any interest was to be charged for the use of the money, nor that the defendant, Hussey, shall be reimbursed for his cost, trouble and expenses in obtaining the deed, recording the same, satisfying the mortgages, etc. The following circumstances as well as some others proven in the case, as will appear from the testimony, satisfied me that the great preponderance of the evidence is against the claim of the plaintiff, viz : plaintiff's lack of any evidence as to the terms upon which the property was to be restored to him; the long delay from 1888 to 1900 without asking for an accounting of the rents and profits, and especially from 1896, when the plaintiff ascertained that the property had been sold by the defendant, Hussey; the turning over of the possession of the property to the defendant, Hussey, with the right to the plaintiff, as he alleged, to redeem when he returned, and the circumstances that he did return in 1889, and again in 1896, without offering to redeem; and the further circumstances that even after his final return, and although he remained in the county for more than a year before suit was brought, he neither offered to redeem nor asked for any accounting; the consideration paid by the defendant, Hussey, was the full value of the premises; the acts of ownership over the land exercised by said defendant; and the further circumstance that if the plaintiff had intended the transaction to be other than a sale, he could have given a mortgage while he was staying with the defendant, Hussey; but if he contemplated a sale of the premises, the transaction could only be carried out in the manner adopted by the parties, the legal title being in the said Green. The presumption arises in law that the deed executed by the said J. T. Green was what it purported on its face to be, an absolute conveyance of the property; to overcome this presumption and to establish this deed as a mortgage, the cases all agree that the evidence must be clear, unequivocal and

convincing, otherwise the natural presumption will prevail—
*Petty* v. *Petty,* 52 S. C., 55. Whether any particular trans-
action amounts to a mortgage or to a sale, is to a large extent
dependent upon the special circumstances of each case—3
Pom. Eq. Juris., sec. 1195. A general rule, says that author,
however, has been established by an overwhelming concen-
sus of authority, which furnishes a sufficient test in a great
majority of cases. This criterion is the continued existence
of the debt or liability between the parties. If there is no
indebtedness of any kind arising before or at the time of
the transaction, and this debt is left subsisting, and the
grantor is regarded as still owing and bound to pay the same,
then the whole transaction amounts to a mortgage. On the
contrary, if no such relation of debtor and creditor is left
subsisting, then the transaction is not a mortgage—*Ibid.* In
the case at bar, there was no debt, no promise to repay, cer-
tainly no obligation to repay, no rate of interest fixed and
no time fixed, because there was no evidence that the plaintiff
would ever return; besides, the defendant, Hussey, paid the
debt due to Green, paid and had satisfied of record the mort-
gage held by Marion Moise, Esq.; paid $25 additional; paid
two years back taxes; obtained a deed in fee simple, with
renunciation of dower; went into possession of the property
and commenced to improve and build up the same, and sub-
sequently sold the property by his deed, with covenant of
general warranty. But plaintiff contends that by the recita-
tion contained in the deed from J. T. Green to Hussey, it
appears that Green held the deed only as a mortgage, and,
therefore, that Hussey was not invested with the title, but
only became the assignee of the rights of Green. I cannot
assent to this construction of the deed in question. Green
held the legal title; that title could only be conveyed out of
Green by an instrument in the form of a conveyance; this is
shown by the authorities, whereby it is held that the grantee
in an absolute deed intended to operate as a mortgage has
the power to convey the land by good and feasible title to any
one who takes it without notice of the equities—1 Jones

Mortgages, sec. 342. It is thus seen that Green had the power to convey the legal title, and this he did by an appropriate instrument which had the same force and effect in favor of Hussey as if some one more a stranger had been the grantee, unless Hussey had agreed to take the title and hold the same as a security for a debt, and the plaintiff has totally failed to show there was any such agreement; but, on the contrary, has shown a completed bargain and sale, followed by an order written by the plaintiff to the said J. T. Green to convey the premises to the defendant, Hussey, upon receiving payment of the amount due him by the plaintiff. This order was duly executed and delivered, and the deed states that it had been filed in the office of the said J. T. Green, but the said Green testified that the said order was destroyed by fire. J. T. Green having held the legal title by way of mortgage under a parol agreement with Baker, he was bound to convey the title upon the order of the said Baker. The plaintiff further contends that the bond of indemnity executed by the defendant, Hussey, to his codefendant, Ryttenberg, in 1891, at the time of the sale by Hussey to Ryttenberg, throws light on the transaction, in that it was intended to protect Ryttenberg against the claims of the plaintiff as now set up in this case. But I cannot so conclude; the evidence shows that the bond was demanded by Ryttenberg or his attorneys to protect against some alleged defect or possible defect in the title by reason of some missing heir. The bond was for a sum greatly less than the amount which Ryttenberg expended on the place in improvements, and in addition to this circumstance, the bond does not recite any claims due or any equity in favor of Baker. I, therefore, conclude as matter of fact:

"That the plaintiff made a complete bargain and sale of the land in question to the defendant, B. A. Hussey, for full value, and that said defendant paid the purchase money and went into possession of the same under the deed from J. T. Green, which was executed by the express order of the plain-

tiff; and that the plaintiff has no right or claim in the said premises.

"I find as a matter of law, that the deed of J. T. Green to B. A. Hussey was sufficient to and did convey the fee simple title in said land to the said B. A. Hussey, and the plaintiff is estopped to take advantage of any alleged defect in the execution of said deed by reason of his order and direction to make the same, and his reception and retention of the purchase money; and I hold that the plaintiff has totally failed to make out his case.

"It is, therefore, unnecessary to consider *in extenso* the defenses set up by the defendant, Harry Ryttenberg; but I hold that the evidence shows conclusively that he was a *bona fide* purchaser for full value of the premises without notice, actual or constructive, of the alleged equities existing in favor of the plaintiff; hence it is unnecessary to consider the question of betterments set up by said defendant by way of counter-claim. It is ordered and adjudged, that the complaint be and the same is hereby dismissed, with costs, etc."

From this decree the plaintiff appeals.

*Mr. A. B. Stuckey,* for appellant, cites: *Both parties to it are bound by recitations in deed:* 7 Ency., 23, 7; 25 S. C., 519. *Contract was intended as a mortgage:* 1 Jones on Mtgs., 192; 15 Ency., 783; Boone Law of Real Prop., 225; 41 S. C., 167; 21 S. C., 400; 46 S. C., 411; 2 Wash. on Real Prop., 64. *No such part performance as will take case out of statute of frauds:* 21 S. C., 492.

*Messrs. Lee & Moise,* contra, cite: *Whether any particular transaction amounts to a mortgage or sale, depends on special circumstances of each case:* 3 Pom. Eq. Jur., sec. 1195; 3 Rich. Eq., 153; 1 Jones on Mtgs., secs. 324, 325. *Evidence to establish that contract is mortgage must be clear, &c.:* 54 S. C., 184; 52 S. C., 54; 50 S. C., 171; 31 S. C., 277. *Court will protect equitable title if there be complete per-*

*formance by vendee:* 1 Waits on Actions and Def., 155; 2 Waits A. & D., 303; 28 S. C., 358; 21 S. C., 461; 32 S. C., 57; 15 S. C., 277; Newell on Eject., 380, 675; 1 Waits A. & D., 169. *Ryttenberg purchased without notice of plaintiff's equity, and has legal title:* 14 S. C., 312. *As to decree in cases where right to redemption is made out:* 1 Jones on Mtgs., secs. 342, 339; 2 Pom. Eq. Jur., secs. 754, 739, 738, 745.

April 17, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are set forth in the decree of his Honor, the Circuit Judge, which will be reported. The two practical questions presented by the exceptions are: 1st. Was there an agreement between the plaintiff and the defendant, Buford A. Hussey, for the sale of the land, which was executed on the part of Hussey by the payment of the purchase money; and 2d. Was such agreement void under the statutes of frauds?

We do not deem it necessary to set out in detail the testimony inducing us to reach our conclusion as to the said agreement, but deem it sufficient merely to state that it is correctly set forth in the testimony of Buford A. Hussey and his wife. The first question must, therefore, be decided against the appellant.

We will next consider whether the said agreement was void under the statute of frauds. In the case of *Turnipseed* v. *Sirrene,* 57 S. C., 559, the Court uses the following language: "But even if the performance by the plaintiff of her part of the contract did not take the case out of the statute, the retention of benefits by Mrs. Neblett would raise an implied agreement to make compensation for them, and resort might be had to the original agreement for the purpose of determining the kind of compensation contemplated by the parties." The defendant, Hussey, under the agreement, must be considered as the equitable owner of the land, and was entitled to be clothed with the

legal title. *Fogle* v. *Church*, 48 S. C., 86; *Turnipseed* v. *Sirrine, supra.*

. Under this view of the case, the other questions raised by the exceptions become merely speculative, and need not be considered:

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.